### POSEY *v.* SCOVILLE and others.*

*(Circuit Court, E. D. Louisiana.  December 22, 1881.)*

1. NEGLIGENCE—STEAM-BOAT—EXPLOSION OF BOILER.
     The explosion of a boiler of a steam-boat, causing injuries, is *prima facie* evidence of negligence.

2. SAME—SAME—SAME.
     Failure to have boiler tested, as a new boiler, after one sheet had been condemned as burnt and had been replaced by a new sheet, was negligence.  Rev. St. § 4418.

3. SAME—CHARTER-PARTY—LIABILITY OF CHARTERERS.
     The charterers being the owners of the vessel, *pro hac vice,* at the time of the explosion, were responsible for their negligence.

In Admiralty.

The Bonnie Lee was a passenger and freight steam-boat, making regular trips on the Mississippi and Red rivers, between New Orleans and Shreveport, Louisiana; was owned by Noah Scoville, and was being run, under charter, by the New Orleans & Red River Transportation Company.  Jefferson B. Posey was the second clerk of the boat.  On August 7, 1880, in accordance with the usual public advertisements, the Bonnie Lee left New Orleans, bound for Shreveport.  Between 7 and 8 o'clock on the night of the ninth of August, 1880, when near Lenoir point, on Red river, about 85 miles from its mouth, the boiler exploded.  Posey at the time was sitting on the boiler deck, and was, by the explosion and the falling timbers, so injured that he died a few hours after he was taken from the wreck, which sank, almost immediately, in 35 feet of water.  His widow, in her own right and as tutrix of their minor child, brought this libel *in personam* against the owner, the charterers, and the master of the boat for damages.  It appeared that the boiler was found to be burned, and one of the sheets was taken out and replaced by a new one on the day the boat left New Orleans, the seventh of August, 1881, but after this was done the boiler was not tested.  It also appeared that on the night of the eighth of August the boiler was found to be leaking so badly that they were compelled to stop the boat and caulk the boiler.  The defences are stated in the opinion of the court.  There was a decree by the district court in favor of libellants for $2,500, and the New Orleans & Red River Transportation Company appealed.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

*Joseph P. Hornor* and *Francis W. Baker,* for libellant.

*W. S. Benedict* and *George Denegre,* for defendants.

PARDEE, C. J.   The evidence in the record leaves no doubt that the boiler of the Bonnie Lee exploded, causing the injuries to and the death of Jefferson B. Posey; nor can there be any doubt that the explosion was caused by a defective boiler.   The theory of a snagging—

"Which tore a hole in the hold of the boat 12 or 15 feet aft of the forward hatch, on the port side, nearly under the forward mud-drum, and broke off the mud-drum leg, and tearing open the timbers of the hull, and causing the bow to be raised up suddenly very high and then to fall, causing the boat to be hogged amidships, and upsetting the boiler, by the effect and cause whereof said boiler exploded and the vessel sank,"

—Is improbable and wholly unsupported by the evidence.   An explosion proved makes a *prima facie* case of negligence on the part of owners or officers.   And such negligence is not repelled by the proof in this case.

I do not set much store by the fact appearing in the evidence that after the repairs made on the boiler in this city the boiler leaked and caused delay, and required caulking within 24 hours after leaving the city.   But I do find that the failure to have the boiler tested, the same as a new boiler, after one sheet had been condemned as burnt and had been replaced by a new sheet, was negligence.   Leaving out of the question the effect of putting new cloth into old garments, I am of the opinion that when new sheets are put into an old boiler reason requires the same test of that repaired boiler as would be required of a new boiler; and I take it that under such circumstances such new test is required by a fair construction of the laws of the United States in relation to the inspection of boilers for steamcraft.   See section 4418, Rev. St.

The judgment of the court below was against the Red River Transportation Company, as the responsible parties under a charter-party, and that company is the appellant here, insisting that, although they were running the boat in the interests of their company, yet they were not such charterers as made them liable for negligence in running the boat, as they claim that Noah Scoville, the real owner, was appointing the officers of the boat.

The evidence shows a charter by Scoville to the New Orleans & Red River Transportation Company of date twenty-seventh of June, 1877, of the Bonnie Lee, for one year, containing the following clauses:

"The New Orleans & Red River Transportation Company shall have the privilege of appointing the captain, officers, and men of said steam-boat, and shall have full and absolute control of said steam-boat as to time when and how she shall be employed during the existence of this charter.

"At the expiration of this charter the said transportation company shall have the privilege of running it for one year, and of running it continuously at the expiration of each additional charter period, at its option."

The evidence shows that since the charter the transportation company has been running the boat on the terms in the charter, and that every year there has been an express or tacit renewal of the contract by the transportation company. On the very trip she was lost she was advertised, loaded, and sailed under the auspices and for account of the transportation company. That the owner, Scoville, actually appointed the officers is of no weight, as it was evidently done by the consent of the charterers. There can be no doubt that at the time of the injuries inflicted on Posey the transportation company were the owners *pro hac vice*, and are responsible for their negligence.

The decree of the district court will be affirmed by proper decree entered in this court