## DETERMINED IN THE

# SECOND DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### November, 1903.

---

MARGARET TRAVERS, an Infant, by THOMAS TRAVERS, her Guardian ad Litem, Respondent, *v.* AMBROSE S. MURRAY, JR., Appellant.

*Negligence — fall of a chimney on a girl — a verdict of $1,800 held not to be excessive — res ipsa loquitur.*

A verdict for $1,800 rendered on the trial of an action to recover damages for personal injuries sustained by the plaintiff, a girl who was four years old at the time of the trial, cannot be considered excessive, where it appears that the plaintiff's forehead was severely cut; that she suffered pain at the time of the infliction of the injuries and for a period of some weeks thereafter during which the wound was healing, and that her forehead had been permanently scarred.

The falling of a brick chimney, twenty-five feet high and three feet one inch by one foot four inches in dimension, which, although built a few inches from a brick wall twenty-three feet high, was not secured to the wall in any manner, raises a presumption of negligence.

APPEAL by the defendant, Ambrose S. Murray, Jr., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of December, 1902, upon the verdict of a jury for $1,800, and also from an order entered in said clerk's office on the 4th day of June, 1903, denying the defendants' motion for a new trial made upon the minutes.

*Charles Gibson Bennett* [*Theodore F. Humphrey* with him on the brief], for the appellant.

*Isaac M. Kapper* [*Thomas E. Pearsall* with him on the brief], for the respondent.

PER CURIAM:

The plaintiff has had a recovery on account of injuries to her person, resulting in a scar across her forehead, which, as appears from the evidence of her witnesses, will always remain with her. She was four years old at the time of the trial. Her forehead was severely cut, and she suffered pain at the time of the infliction of the injuries and for a period of some weeks, during which the wound was healing. The defendant asks that the verdict be reduced. It was in the sum of $1,800, and we do not feel that this is any too large an amount.

The only other question urged by the defendant is that the verdict is against the weight of evidence. Our examination of the evidence does not lead to the belief that this contention should be sustained. A brick chimney, twenty-five feet high, three feet one inch by one foot four inches, fell over, and some of the brick, crashing through the skylight, struck and injured the plaintiff. Two witnesses. had observed the chimney sway, as long as a year prior to the accident; although it was built between two and one-half and four inches from a brick wall twenty-three feet high, there is evidence to show that it was not secured to the wall in any manner, either by building brick-retaining points into the wall, or by angle-iron insertions. This was, in our opinion, abundant to support the verdict. We believe that the mere fall was sufficient to raise a presumption of negligence, and that such a presumption alone is enough to sustain the verdict, even in face of the attempted explanation on the part of the defendant. What Judge CULLEN said in *Griffen* v. *Manice* (166 N. Y. 188) in relation to the falling cable and elevator counterbalance weights is, we think, equally well said about this chimney.

The judgment and order should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, JENKS and HOOKER, JJ.

Judgment and order unanimously affirmed, with costs.