## TRAVERS v. MURRAY.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. NEGLIGENCE—INJURY TO CHILD—DAMAGES—AMOUNT.
    Plaintiff, four years of age, received injuries by the fall of a chimney,
    resulting in a permanent scar across her forehead. Her forehead was
    severely cut, and she suffered pain at the time of the injury, and for
    some weeks, while the wound was healing. *Held*, that a verdict for
    $1,800 was not excessive.

2. SAME—ACTION FOR INJURY—EVIDENCE—SUFFICIENCY.
    In an action for injuries sustained by reason of the fall of a chimney,
    evidence showing that the chimney had been seen to sway a year prior

to the accident, and that, though built from 2½ to 4 inches from a wall 23 feet high, it was not secured to the wall in any manner, was sufficient to support a verdict for plaintiff.

**3. SAME—PRESUMPTION OF NEGLIGENCE—FALL OF CHIMNEY.**

The fall of a chimney is sufficient to raise a presumption of negligence, which will sustain a verdict for a person injured thereby, even in the face of an attempted explanation by defendant.

Appeal from Trial Term, Kings County.

Action by Margaret Travers, an infant, by her guardian ad litem, Thomas Travers, against Ambrose S. Murray, Jr. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles Gibson Bennett, for appellant.

Isaac M. Kapper (Thomas E. Pearsall, on the brief), for respondent.

PER CURIAM. The plaintiff has had a recovery on account of injuries to her person, resulting in a scar across her forehead, which, as appears from the evidence of her witnesses, will always remain with her. She was four years old at the time of the trial. Her forehead was severely cut, and she suffered pain at the time of the infliction of the injuries, and for a period of some weeks, during which the wound was healing. The defendant asks that the verdict be reduced. It was in the sum of $1,800, and we do not feel that this is any too large an amount.

The only other question urged by the defendant is that the verdict is against the weight of evidence. Our examination of the evidence does not lead to the belief that this contention should be sustained. A brick chimney, 25 feet high, 3 feet 1 by 1 foot 4, fell over, and some of the brick, crashing through the skylight, struck and injured the plaintiff. Two witnesses had observed the chimney sway as long as a year prior to the accident. Although it was built between 2½ and 4 inches from a brick wall 23 feet high, there is evidence to show that it was not secured to the wall in any manner, either by building brick retaining points into the wall, or by angle-iron insertions. This was, in our opinion, abundant to support the verdict. We believe that the mere fall was sufficient to raise a presumption of negligence, and that such a presumption alone is enough to sustain the verdict, even in face of the attempted explanation on the part of the defendant. What Judge Cullen said in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, in relation to the falling cable and elevator counterbalance weights, is, we think, equally well said about this chimney.

The judgment and order should be affirmed, with costs.