[S. F. No. 14065. In Bank.—January 8, 1931.]

AGNES KENNEY, Appellant, v. JOE ANTONETTI et al., Respondents.

Harry I. Stafford and Daniel R. Shoemaker for Appellant.

Wyckoff & Gardner and Ross & Ross for Respondents.

PRESTON, J.—The judgment of nonsuit entered herein in favor of defendants is hereby reversed.

Plaintiff, a. young woman of twenty-one years, sustained severe and permanent injuries, to wit: Facial scars and loss of right eye, as the result of an automobile accident which occurred in substantially the following manner: She was riding in the front seat of said automobile as guest of the owner and driver. With other guests in the rear, the parties were proceeding home from a dance at about the hour of midnight on February 21, 1927, driving at a reasonable speed along a fenced highway near Santa Cruz, where it adjoined a ranch owned and operated by the defendants. Suddenly two horses, unattended on the road, loomed up ahead of the car; the driver slowed down and succeeded in passing between them, but almost immediately thereafter another horse, invisible in the darkness, jumped in front of the machine and collided with it. The force of the impact turned the car over into a ditch and the aforesaid injuries to plaintiff resulted.

Plaintiff, by her amended complaint, alleged negligence in general terms, to wit: ''That said horse or horses

was or were among a number of horses that were, through the negligence and gross carelessness of defendants, permitted to remain on said highway or road unattended by any person;" that "said horses were under the control of and owned by defendants" and said highway was "fenced on both sides by a substantial fence". Defendants answered with a general denial and a charge of contributory negligence. At the conclusion of plaintiff's evidence the court granted defendants' motion to strike out the testimony of five witnesses to the effect that they had seen horses, evidently owned by defendants, straying unattended on the highway at the point in question at various times just prior to the accident and further granted a motion by defendants for nonsuit made upon the ground that there was no proof of the material allegations of the complaint or that said horses were controlled or owned by defendants or by their negligence permitted to remain unattended on the highway nor was there evidence sufficient to allow the case to go to the jury. Judgment for defendants followed and plaintiff appealed.

It is the contention of appellant that there was sufficient evidence on the question of defendants' negligence to allow the case to go to the jury and that the court erred in striking out said testimony and in granting a nonsuit. In other words, she pleads applicability of the doctrine of *res ipsa loquitur* and urges that a *prima facie* case was made by her, proving directly and inferentially every allegation of the complaint. With these claims we must agree.

Defendant Joseph Antonetti testified that the horse that caused the accident was his; he then stated that he himself did not own the horse but it was one of five horses belonging to the ranch company, or partnership, consisting of himself—the boss—and certain of the other defendants, one of whom, defendant Digrazia, had the care and control of the animals. Section 151 of the Motor Vehicle Act (Act 5128, Deering's General Laws; Stats. 1923, p. 517) in part provides in substance that no person owning or controlling livestock shall voluntarily or negligently permit any of them to stray or remain unaccompanied upon a fenced public highway and section 1714 of the Civil Code in part provides in substance that everyone is responsible for an injury occa-

sioned to another by his want of ordinary care or skill in the management of his property. The fact that defendants' horses were unattended upon the highway at night and the other facts adduced by the evidence, considered in the light of the above provisions and the further general rules of negligence applying at all times, clearly gave rise to an inference of negligence here and sufficiently established plaintiff's *prima facie* case. ■ It was not incumbent upon her to prove just how the horses came to be loose or who permitted them to enter the highway for this was obviously a fact peculiarly within the knowledge of defendants. In the exercise of ordinary care, how would it be possible for horses to stray time and again unattended upon the highway, as plaintiff attempted, by the evidence stricken out, to show it was the custom of defendants' horses to do?

■ The theory of the doctrine of *res ipsa loquitur* is that a defendant in charge of an instrumentality which causes injury either knows the cause of the accident or has the best opportunity of ascertaining it, and the plaintiff, having no such knowledge, is compelled to allege negligence in general terms and to rely upon proof of the happening of the accident in order to establish it (19 Cal. Jur., sec. 127, p. 713).

As said in *Michener* v. *Hutton*, 203 Cal. 604 [59 A. L. R. 480, 265 Pac. 238] : "One who seeks to recover damages for injuries alleged to have been incurred by reason of another's negligence must establish by a preponderance of the evidence that the latter's negligence has occasioned him loss. However, where the facts are such as to give rise to an inference of negligence from the inherent nature and character of the act causing the injury, or, in other words, to give application to the principle of *res ipsa loquitur*, the burden of proceeding is shifted to the defendant and if he would escape an adverse finding he must adduce evidence to meet the plaintiff's *prima facie* case."

An able discussion of the questions here confronting us is found in *Breidenbach* v. *McCormick Co.*, 20 Cal. App. 184 [128 Pac. 423, 425], where the court held, upon a showing of injury by a runaway horse, unattended in the streets of a city, that a *prima facie* case of negligence was made out against the owner. That case cites with approval the rule

laid down in *Judson* v. *Giant Powder Co.,* 107 Cal. 556 [48 Am. St. Řep. 146, 29 L. R. A. 718, 40 Pac. 1020], as follows: "When a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from the want of care." To the same effect see also the numerous other cases reviewed in the opinion in *Breidenbach* v. *McCormick Co., supra,* and *Michener* v. *Hutton, supra,* and cases therein cited; also, *Roberts* v. *Griffith Co.,* 100 Cal. App. 456 [280 Pac. 190], and *Olden* v. *Babicora Dev. Co.,* 107 Cal. App. 399 [290 Pac. 1062].

See, also, *Hansen* v. *Kemmish,* (Iowa) 208 N. W. 277, 45 A. L. R. 499, and note, where the court holds that one who is by statute required to restrain his boar is *prima facie* negligent in permitting it to be at large on a highway, where an automobile collides with it, to the injury of the driver; but he may show in defense that he in fact exercised reasonable and ordinary care in restraining the animal. The case of *Doherty* v. *Sweetser,* 82 Hun, 556 [31 N. Y. Supp. 649], is directly in point to the effect that the fact that a horse is in the street unattended shows negligence; and the burden is on the person in charge of the horse to show that he used all proper means to prevent it from escaping and that he was without fault.

Under any but exceptional circumstances, the exercise of ordinary care will serve to keep unattended animals in their proper inclosures. In these days of rapid automobile transportation, the extreme hazard to drivers and passengers of animals straying unattended on the roads at night cannot be overestimated. The driver is placed in a wellnigh helpless position because of the tendency of an animal to spring out of the darkness in front of a car when blinded or hypnotized by its headlights. Against this contingency drivers should be protected by having our roads clear of such obstructions and every owner of livestock should make an earnest endeavor to so control their movements with due care that the lives of others may not be thereby endangered.

For these and other reasons we must conclude that the court erred in granting defendants' motion for nonsuit and further discussion becomes unnecessary.

Langdon, J., Curtis, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

Shenk, J., and Langdon, J., dissented.