[Civ. No. 7983. Second Appellate District, Division Two.—July 22, 1933.]

WILLIAM STROTHER, a Minor, etc., Respondent, v. ADOHR CREAMERY COMPANY (a Corporation) et al., Appellants.

George L. Greer for Appellants.

Koenig & Brunton for Respondent.

CRAIG, J.—A judgment for damages was entered upon a verdict of a jury in favor of the plaintiff, a minor child, on account of personal injuries, alleged to have resulted from negligence of the defendant's employee. The defendants appealed.

A horse-drawn delivery wagon of the appellant company in custody of its driver, a co-defendant herein, stood unattended in a city street near the respondent's residence. The latter climbed upon the same and fell or was thrown therefrom as the horse moved forward. The evidence upon the question in controversy is meager. It appeared that said vehicle was supplied with hooks to which by rings in the reins the same were to be tightly drawn back and fastened. Also, there was a brake held by notches and as testified by the driver, "when you push it up on the side it pulls it back into the notches which hold it in place". When stopping to make a delivery, the rein "pulls the horse's head back and that makes the lines taut . . . and in addition to that you had to put on the brake" to prevent the horse from moving during the driver's absence. The appellants maintain that the fact that a child may not be capable of contributory negligence does not always render a defendant liable upon mere proof of injury. And they doubtless properly distinguish turntable cases which have been said to be exceptions to the general rule, since "if an owner became responsible merely because children were attracted, it would burden the ownership of property with a most preposterous and unbearable weight". (*Loftus* v. *Dehail*, 133 Cal. 214 [65 Pac. 379].) An instruction given to the jury in the instant case and to which the appellants take especial exception stated: "If you find that plaintiff was injured by defendant's horse and wagon, and if you further find that plaintiff was too young to be negligent, that the burden of proving lack of negligence falls on the defendants and if they fail to prove themselves free from negligence, then you

should find for the plaintiff." *Scellars* v. *Universal Service Everywhere,* 68 Cal. App. 252 [228 Pac. 879], is cited as authority for argument that the rule so stated had no application. It was there observed that "aside from the occurrence of the accident, there is no further showing of negligence on the part of the defendant, except the testimony above referred to that high motor speed *could* cause the damage which resulted. To hold the defendant liable under these circumstances would be to merely conjecture that he had conducted himself negligently and thus caused the injury." But the appellant's driver testified that the respondent had to his knowledge previously been found under his wagon; that the grade of the street "is just enough there with that kind of a wagon so that without applying the brake it would go downhill. The brake would have to be applied to hold the wagon from going downhill." It appeared by positive testimony that said wagon ran over the respondent, and that he was injured thereby; and although asked repeatedly the driver failed to give any testimony from which the jury might even infer that said brake had been applied "to hold the wagon from going downhill".

■ The doctrine of *"res ipsa loquitur"* is that when a thing which causes injury without fault of the injured person is shown to be under the exclusive control of the defendant and the injury is such as in the ordinary course of things does not occur, if proper management is exercised, it affords reasonable evidence in the absence of explanation that the injury arose from the defendant's want of care. (*Moore* v. *Steen,* 102 Cal. App. 723 [283 Pac. 833].) It means "the thing speaks for itself", and so speaking furnishes an inference of negligence in the absence of showing to the contrary. Where the thing is shown to be under the management of the defendant or his servant and the accident is such as in the ordinary course of events does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of proper care. (*Crooks* v. *White,* 107 Cal. App. 304 [200 Pac. 497].) The theory of the doctrine is that the defendant in charge of an instrument which causes injury either knows the cause of the accident or has the best opportunity of ascertaining it, and the plaintiff having no such knowl-

edge is compelled to allege negligence in general terms and to rely upon proof of the happening of the accident in order to establish it. (*Kenney* v. *Antonetti,* 211 Cal. 336 [295 Pac. 341].) ▮ The rule stated by said instruction was accompanied by cautionary instructions applicable to the evidence before the jury, and if they believe from uncontradicted evidence that said driver having knowledge of the necessity for the exercise of care under the peculiar conditions related by him had not applied his brake and gave no explanation of his failure so to do, it lay within their province to infer a degree of negligence from which an absence of showing to the contrary would render the defendants liable under the rule stated in numerous cases. Having admitted knowledge of such conditions and of his duty, all intendments being resolved in favor of the verdict, it must be assumed that the jury concluded that the appellants knowingly permitted a danger to exist for which they could afford no legal justification.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1933.