[Civ. No. 11782. Second Appellate District, Division Two.—June 7, 1938.]

RUDOLPH SCHUERMAN, Appellant, v. PACIFIC FREIGHT LINES (a Corporation) et al., Respondents.

James M. Carter for Appellant.

Chase, Barnes & Chase and Thomas R. Suttner for Respondents.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for personal injuries plaintiff appeals.

The essential facts are:

September 10, 1936, defendant Jacobus, while in the employ of defendant Pacific Freight Lines, drove a truck and semi-trailer to the F & S Welding Company's yard in the city of Maywood. Plaintiff, who was in the employ of the F & S Welding Company, after the truck was parked, came to help defendant Jacobus unload from it core bits. Defendant Jacobus picked up, one at a time, the core bits which were located on the front part of the semi-trailer and carried each approximately fourteen feet to the rear end of the truck, where he stood them on their flat ends. Five of the core bits were thus placed. In the meantime plaintiff, standing on the ground, removed three of the core bits and carried them to a wheelbarrow. After placing the fifth core bit at the rear of the semi-trailer defendant Jacobus started to turn to get the last core bit on the front of the truck, when he heard a thud and on turning around saw the fifth core bit which he had just placed at the rear of the truck rolling

toward the back of it. He called to plaintiff, but before plaintiff was able to remove himself from danger the bit fell upon his foot and seriously injured him.

Plaintiff relies for reversal of the judgment on this proposition:

*The case is a proper one for the application of the doctrine of res ipsa loquitur and therefore there is not substantial evidence to sustain the trial court's finding, to wit:*

*"That neither of these defendants was careless or reckless or negligent in any particular or manner whatsoever mentioned in plaintiff's complaint."*

This proposition is untenable. We assume, without deciding, that this is a proper case for the application of the doctrine of *res ipsa loquitur*. ██ The law is established in California that where mere proof of the happening of an accident gives rise to an inference of negligence resulting from the application of the doctrine of *res ipsa loquitur* and also an inference of non-negligence of defendant or unavoidable accident may be drawn from the evidence, it is for the jury or trial judge sitting without a jury to determine from all the evidence whether the defendant has successfully met and rebutted plaintiff's *prima facie* case of negligence. (*Michener v. Hutton,* 203 Cal. 604, 610 [265 Pac. 238, 59 A. L. R. 480]; *Brown v. Davis,* 84 Cal. App. 180, 186 [257 Pac. 877]; *Lejeune v. General Petroleum Corp.,* 128 Cal. App. 404, 416 [18 Pac. (2d) 429]; 45 C. J. (1928) 1221, sec. 784; *Seitzman v. Srere Corp.,* 116 Cal. App. 674, 678 [3 Pac. (2d) 58]; *Buffums' v. City of Long Beach,* 111 Cal. App. 327, 332 [295 Pac. 540].)

██ In view of the uncontradicted testimony that four core bits had been placed on end at the rear of the truck by defendant Jacobus without toppling over, the trial court may have reasonably drawn the inference that the fifth core bit so placed by defendant Jacobus was placed in a reasonably prudent manner and without negligence, therefore affording substantial evidence to sustain the finding questioned here.

██ This case well illustrates the oft-announced rule that, where fair-minded men may honestly draw different conclusions from the undisputed facts, a finding either way supported by an inference reasonably drawn from the evidence

by the trier of fact, be it judge or jury, will not be disturbed by an appellate court.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.