Alfred D. GOLDMAN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 65–412.

United States District Court
W. D. Oklahoma.

June 21, 1967.

Byrne A. Bowman, of Felix, Bowman, McIntyre, Hines & Wright, for plaintiff.

John O. Jones, Atty., Tax Division, Dept. of Justice, Mitchell Rogovin, Asst. Atty. Gen., and Robert L. Waters, Atty., Tax Division, Dept. of Justice, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOHANON, District Judge.

This cause came on for consideration by the Court on May 9, 1967, for final disposition. The case was submitted to the Court upon the agreed Statement of Facts filed in this case by the parties, upon the Briefs, arguments, and the testimony heretofore taken.

The plaintiff appeared by Byrne A. Bowman, Esquire, of the firm of Felix, Bowman, McIntyre, Hines & Wright, and the defendant, United States of America, appeared by John O. Jones, Esquire, Attorney, Tax Division, Department of Justice; with him on the Briefs were Mitchell Rogovin, Assistant Attorney General, and Robert L. Waters, Attorney, Tax Division, Department of Justice.

This action was brought by the plaintiff, Alfred D. Goldman, for the recovery of assessed and paid income taxes and interest for the years 1960 and 1961.

### Findings of Fact

The Court adopts as Findings of Fact the Stipulation entered into by the parties filed in this cause on November 7, 1966, except the Exhibits as mentioned in the Stipulation will not be copied as Findings herein, but these Exhibits are attached to the agreed Stipulation of

Facts and are referred to and made a part hereof by reference:

"It is hereby stipulated by and between the parties to this action, through their respective counsel, Byrne A. Bowman, Esq., Counsel for the Plaintiff, Alfred D. Goldman, and John O. Jones, Tax Division, Department of Justice, Ft. Worth, Texas, Counsel for the Defendant, United States of America, that the following facts are true and correct and need not be the subject of further proof at the trial of this cause before this Court:

"1. The instant case is an action brought by the plaintiff, Alfred D. Goldman (hereinafter referred to as the taxpayer), for the recovery of assessed and paid Federal income taxes and interest for the years 1960 and 1961, being $539.62 in income tax for 1960 and $622.29 in income tax for 1961, a total income tax of $1,161.19, plus interest.

"2. The taxpayer is a citizen of the United States of America and resides at 6100 Brookline, Oklahoma City, Oklahoma, within the jurisdiction of this Court.

"3. The venue of this action, pursuant to Section 1402 of Title 28, United States Code, is the United States District Court for the Western District of Oklahoma, and jurisdiction is conferred upon this Court by Section 1346(a) of Title 28, United States Code.

"4. The taxpayer timely filed with defendant his Federal income tax return for the calendar year 1960 and paid to defendant the tax shown to be due thereon. A true and correct copy of taxpayer's 1960 Federal income tax return is attached hereto and made a part hereof and marked as Exhibit A.

"5. The taxpayer timely filed with defendant his Federal income tax return for the calendar year 1961 and paid to defendant the tax shown to be due thereon. A true and correct copy of taxpayer's 1961 Federal income tax return is attached hereto and made a part hereof and marked as Exhibit B.

"6. Taxpayer claimed an interest deduction on his Federal income tax return for the calendar year 1960 in the amount of $1,174.30 which he reported by said return that he paid during the year 1960 to the Western Security Life Insurance Company, Oklahoma City, Oklahoma.

"7. Taxpayer claimed an interest deduction on his 1961 Federal income tax return for the amount of $2,600.74 which he reported by said return that he paid in interest to the Western Security Life Insurance Company, Oklahoma City, Oklahoma.

"8. Upon audit of the taxpayer's Federal income tax returns for the years 1960 and 1961, the defendant, through its duly authorized and acting agents, disallowed the claimed interest deduction in the sum of $1,174.30 for the year 1960, and the claimed interest deduction in the sum of $2,600.74 for the year 1961.

"9. On May 7, 1963, the taxpayer paid to defendant income taxes in the sum of $539.62 plus assessed interest based on the disallowance of the claimed interest deduction for the year 1960, and, thereafter, timely filed a claim for refund thereof.

"10. On May 7, 1963, the taxpayer paid to defendant income taxes in the sum of $622.29 plus assessed interest based on the disallowance of the claimed interest deduction for the year 1961, and, thereafter, timely filed a claim for refund thereof.

"11. On July 2, 1965, defendant denied taxpayer's claims for refund as noted in Paragraphs 9 and 10 above, by statutory notices of disallowance.

"12. Taxpayer's claim is for recovery of the sum of $1,257.18, plus interest thereon from May 7, 1963. Said amount represents the assessed and paid tax and interest resulting from defendant's disallowance of said claimed interest deduction for the year 1960 and of said claimed interest deduction for the year 1961.

"13. During the year 1960 and 1961, the taxpayer was engaged in the real estate, insurance and investments busi-

nesses in the city of Oklahoma City, Oklahoma.

"14. Under date of December 7, 1960, The Western Security Life Insurance Company of Oklahoma City, Oklahoma, issued to taxpayer, as beneficiary, life insurance Policy No. 7831 on the life of taxpayer's brother, Monte Henry Goldman, then aged 25 years, in the original face amount of $100,000.00. A true copy of the original Policy No. 7831 is attached hereto and marked as Exhibit C.

"15. The annual premium of Policy No. 7831 is $6,362.00 for the first 20 policy years and $1,362.00 after the 20th policy year and are payable during the entire lifetime of the insured.

"16. The taxpayer was and is at all times pertinent hereto, the owner, policyholder and beneficiary of Policy No. 7831 issued by the Western Security Life Insurance Company of Oklahoma City, Oklahoma.

"17. According to the books and records of the Western Security Life Insurance Company, reflecting the transactions affecting Policy No. 7831, the taxpayer paid on Policy No. 7831 during the year 1960 the first annual premium of $6,362.00 and prepaid the next four annual premiums in the discounted amount of $23,648.19 for a total amount of $30,010.19 to the Western Security Life Insurance Company of Oklahoma City, Oklahoma, by means of the transactions hereinafter set forth:

"(a) On December 7, 1960, the taxpayer executed an instrument entitled Loan Agreement and Assignment of Policy regarding Policy No. 7831 with the Western Security Life Insurance Company whereby the taxpayer received from the insurance company a loan in the sum of $29,357.55 on Policy No. 7831. A true and correct copy of the original Loan Agreement and Assignment of Policy is attached hereto and made a part hereof and marked as Exhibit D.

"(b) The policy loan on Policy No. 7831 as described in Paragraph 17(a) above carried with it an advance interest payment at the rate of four percent per annum for one year in the amount of $1,174.30 which was due and payable from the taxpayer in the first policy year.

"(c) The Western Security Life Insurance Company granted to the taxpayer in the year 1960 a commission credit on Policy No. 7831 in the sum of $953.40, which amount was applied by the insurance company against the total initial payment due from the taxpayer in the year 1960.

"(d) Pursuant to the transactions described in Paragraph 17(a), (b) and (c) above, on December 16, 1960, the taxpayer made a net payment by check to the Western Security Life Insurance Company on the first five-year premium payments and the first advance interest payment on loan on Policy No. 7831, as shown by the following tabulation:

| | | |
|---|---:|---:|
| First policy year premium | | $ 6,362.00 |
| Next four annual premiums (discounted) | | 23,648.19 |
| First year interest on loan | | 1,174.30 |
| Total due from taxpayer | | 31,184.49 |
| Loan to taxpayer | ($29,357.55) | |
| Commission to taxpayer | (953.40) | (30,310.95) |
| Net payment during 1960 by taxpayer | | $ 874.54 |

"18. Under date of June 12, 1961, the Western Security Life Insurance Company of Oklahoma City, Oklahoma, issued insurance Policy No. 9319 on the life of taxpayer's brother, Monte Henry Goldman, then aged 26 years in the original face amount of $250,000.00. A true and correct copy of the original Policy No.

9319 is attached hereto and made a part hereof and marked as Exhibit E.

"19. The annual premium on Policy No. 9319 is $16,082.50 for the first 20 policy years and $3,582.50 after the 20th policy year and are payable during the entire life-time of the insured.

"20. The taxpayer was and is, at all times pertinent hereto, the owner, policy-holder and beneficiary of Policy No. 9319 issued by the Western Security Life Insurance Company of Oklahoma City, Oklahoma.

"21. According to the books and records of Western Security Life Insurance Company reflecting transactions affecting Policy No. 9319, the taxpayer paid on Policy No. 9319 during the year 1961 the first annual premium of $16,082.50 and prepaid the next four annual premiums in the discounted amount of $59,780.26 by means of the transactions hereinafter set forth:

"(a) On June 12, 1961, the taxpayer executed an instrument entitled Loan Agreement and Assignment of Policy regarding Policy No. 9319 with the Western Security Life Insurance Company whereby the taxpayer received from the insurance company a loan in the sum of $74,073.45 on Policy No. 9319. A true and correct copy of the original Loan Agreement and Assignment of Policy is attached hereto and made a part hereof and marked as Exhibit F.

"(b) The policy loan on Policy No. 9319 as described in Paragraph 20(a) above carried with it an advance interest payment at the rate of four percent per annum for one year in the amount of $2,962.94 which was due and payable from the taxpayer in the first policy year.

"(c) The Western Security Life Insurance Company granted to the taxpayer in the year 1961 a commission credit on Policy No. 9319 in the sum of $2,507.76 which amount was applied by the insurance company against the total initial payment due from the taxpayer in the year 1961.

"(d) Pursuant to the transactions described in Paragraphs 21(a), (b) and (c) above, on June 30, 1961, the taxpayer made a net payment to the Western Security Life Insurance Company in the sum of $2,244.49 representing the total cash outlay from taxpayer to the Western Security Life Insurance Company on the first five-year premium payments and the first advance interest payment on loan on Policy No. 9319, as shown on the following tabulation:

| | | |
|---|---|---|
| First policy year premium | | $16,082.50 |
| Next four annual premiums (discounted) | | 59,780.26 |
| First year interest on loan | | 2,962.94 |
| Total due from taxpayer | | 78,825.70 |
| Loan to taxpayer | ($74,073.45) | |
| Commission to taxpayer | ( 2,507.76) | |
| | | 76,581.21 |
| Net payment during 1961 by taxpayer | | $ 2,244.49 |

———◆———

"22. The taxpayer during the calendar year 1961 paid to the Western Security Life Insurance Company the sum of $2,962.94 as interest due and payable by taxpayer to the Western Security Life Insurance Company on policy loan of $74,073.45 on Policy No. 9319, whereas the taxpayer, by his income tax return for the calendar year 1961, reported an interest payment and claimed an interest deduction in the sum of $2,600.74 for said interest payment on policy loan on Policy No. 9319, and whereas the taxpayer, by his claim for refund of income tax attributable to said disallowed interest deduction and which said claim for refund

was disallowed by the defendant, did incorrectly list on his said disallowed claim for refund the sum of $2,244.49 as interest paid to the Western Security Life Insurance Company during 1961 on policy loan on Policy No. 9319.

"23. The insured, Monte Henry Goldman, during all times pertinent hereto, was a living individual.

"It is further stipulated by and between the parties to this action that either of the parties may adduce further evidence at the trial of this cause, subject of course to objections by the opposing party.

"Dated this 5th day of October, 1966.

/s/ Byrne A. Bowman
BYRNE A. BOWMAN
B. ANDREW POTTER
United States Attorney

By: /s/ John O. Jones
JOHN O. JONES    "

In addition to the foregoing Findings, as stipulated to between the parties, the Court further finds:

■ 1. The so-called debt or debts created by the alleged borrowing by the taxpayer was not actually a bona fide debt and was not a debt for interest for the use of borrowed money. The policy loan plan utilized in this case was premised on a real debt between the taxpayer and the insurance company; the whole arrangement, sophisticated as it was, was not that of a genuine indebtedness. These "loans" or "debts" need never have been repaid. At the end of any premium payment period, the loans could be wiped out merely by a set of book entries, and without any money changing hands. This result comes about because the cash surrender value of the policies in question is equal to 100 per cent of the loan value. See loan provisions in policies.

2. Based upon all the facts and circumstances in this case, the Court finds that the alleged loans and borrowings between the plaintiff and the insurance company were not bona fide loans.

3. In practical effect, the borrowings and premium payments were mere book entries offsetting each other. These entries, or paper work, served to accomplish an alleged claim for annual interest deduction.

*Conclusions of Law*

1. The deductions claimed by the plaintiff in this case for so-called interest payments to the insurance company on both of the policies in question, were not, in economic substance, payment for the use of borrowed money, and are therefore not deductible as "interest on indebtedness" within the meaning of Section 163(a), Internal Revenue Code of 1954.

■ 2. If it is to be assumed that the payments in question are treated as "interest on indebtedness" they are non-deductible under Section 264(a) (2), because such payments were made to purchase or carry "single premium" insurance policies, as defined in Section 264(b) (2) (26 U.S.C.1964 Ed., Sec. 264).

Judgment will therefore be entered denying the claimed refunds of the plaintiff, and Judgment will be entered in favor of the United States of America.