**Alfred D. GOLDMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9846.**

United States Court of Appeals
Tenth Circuit.

Nov. 20, 1968.

Byrne A. Bowman and Thomas F. Mc-Intyre, Oklahoma City, Okl. (Richard F. McDivitt, Oklahoma City, Okl., with them on brief) for appellant.

Benjamin M. Parker, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Dept. of Justice, Washington, D. C., with him on brief) for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

In this action the taxpayer claims a refund for deficiencies assessed and paid for taxable years 1960 and 1961. Taxpayer claimed interest deductions under 26 U.S.C. § 163(a).

In 1960 and 1961 taxpayer had insurance policies issued on the life of his brother in the amount of $100,000 and $250,000 respectively. The insurer was Western Security Life Insurance Company of Oklahoma City. Taxpayer's father was president and his brother was a general agent of the life insurance company. The trial court denied the claim for refund. The question presented is: Are the interest deductions of $1,-

174.30 and $2,962.94, as shown below, proper deductions on taxpayer's income tax return for the taxable years in question?

| | | |
|---|---|---|
| First policy year premium | | $ 6,362.00 |
| Next four annual premiums (discounted) | | 23,648.19 |
| First year interest on loan (1960) | | 1,174.30 |
| Total due from taxpayer | | $31,184.49 |
| Loan to taxpayer | ($29,357.55) | |
| Commission credit allowed taxpayer | (953.40) | (30,310.95) |
| Net payment during 1960 by taxpayer | | $ 873.54 |
| | | |
| First policy year premium | | $16,082.50 |
| Next four annual premiums (discounted) | | 59,780.26 |
| First year interest on loan (1961) | | 2,962.94 |
| Total due from taxpayer | | $78,825.70 |
| Loan to taxpayer | ($74,073.45) | |
| Commission credit allowed taxpayer | ( 2,507.76) | (76,581.21) |
| Net payment during 1961 by taxpayer | | $ 2,244.49 |

The policies had fixed annual premiums, for the first twenty years, of $6,362.00 and $16,082.50. During the remainder of the insured's life they required a reduced premium payment.

As indicated above, the taxpayer prepaid the annual premiums for the first five years of the twenty year period and immediately made application for a loan on the policies, pursuant to the provisions of the policies, which was credited to the transaction on the books of the company as reflected above.

The facts were stipulated by counsel and are adopted in the findings of fact and conclusions of law prepared by the trial court. In addition to the stipulated findings of fact, the trial court found the "debts" created by the alleged borrowing by the taxpayer were not bona fide debts, therefore, the interest was not paid for the use of borrowed money. The policy loan plan utilized in this case was premised on a real debt between the taxpayer and the insurance company; the whole arrangement, sophisticated as it was, was not that of a genuine indebtedness.

These "loans" or "debts" need never have been repaid. At the end of any premium payment period, the loans could be wiped out merely by a set of book entries, and without any money changing hands. This result comes about because the cash surrender value of the policies in question is equal to 100% of the loan value. The court further found that based upon all the facts and circumstances in this case, the alleged loans and borrowings between the plaintiff and the insurance company were not bona fide loans and in practical effect the borrowings and premium payments were mere book entries offsetting each other. These entries, or paperwork, served to accomplish a claim for an alleged annual interest deduction.

The court concluded that the interest payments were not payment for borrowed money and were without economic substance, therefore, not deductible as interest on indebtedness within the meaning of Int.Rev.Code of 1954, § 163(a). The court further concluded that the transaction was a single premium insurance policy and therefore non-deductible

under Int.Rev.Code of 1954, §§ 264(a)(2) and 264(b) (2).

■ We agree with taxpayer that the policies are annual premium policies rather than single premium policies. Campbell v. Cen-Tex, Inc., 377 F.2d 688 (5th Cir. 1967) teaches, " * * * in Dudderar v. Commissioner of Internal Revenue, 44 T.C. 632, * * * that 73 per cent of premiums paid on an insurance policy was less than substantially all. Neither the statute nor its legislative history indicates what was in the Congressional mind when it used the phrase 'substantially all.' "

We turn then to the finding of "lack of economic substance" upon which the trial court based its judgment.

The exception to the allowance of interest as a tax deduction is statutory and quite specific, however, the exceptions are not applicable in this instance because the tax years, 1960 and 1961, preceded the 1964 amendment that controls deduction of interest on life insurance policy loans, see Int.Rev.Code 1954, § 264(c), as amended (1964).

"The courts have expressed an important overlay of principles restricting deductibility of interest in various circumstances. Unfortunately, these principles are of the 'smell test' variety and therefore lack clarity of definition while being characterized by a few key words. The key words and their seeming meaning are best reflected by the case circumstances in which they have been developed." B. Kaner, The Interest Deduction: When and How Does It Work, N.Y.U. 26th Inst. on Fed.Tax. 87, 98 (1968). The words used in the various cases are "sham," "collusive," "facade," and "form v. substance."

■ Taxpayer contends for the business purpose rule referred to in *Campbell*; however, a review of the record before us, together with the findings of fact, denies a business purpose. Therefore, we examine the economic substance of the transaction. The Supreme Court in Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960) pointed out that a transaction which did not appreciably effect taxpayer's beneficial interest except to reduce his tax indicated nothing of substance was to be realized by the taxpayer from the transaction beyond a tax deduction. This particular conclusion is further elaborated upon in W. Lee McLane, Jr., 46 T.C. 140 (1966).

■ We have examined Lifschultz v. Commissioner of Internal Revenue, 393 F.2d 232 (2d Cir. 1968), submitted to us by the government at the time of oral argument, but choose to rely upon *Knetsch* to affirm the trial court's conclusion that the transaction lacked economic substance and therefore the deduction of the claimed interest should not be allowed.

The policy itself clearly reflects that the interest on the loans was 4% and the annual yield or increase in policy value was at the rate of 3%. The annual loss of 1%, when the record reveals the taxpayer was not pressed for cash, indicates a lack of economic substance in these transactions.

Affirmed.