**WOODSON–TENENT LABORATORIES, INC., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 71–1371.**

United States Court of Appeals, Sixth Circuit.

Feb. 1, 1972.

Stephen Schwarz, Tax Division, Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Richard W. Perkins, Attys., Tax Division, Dept. of Justice, Washington, D. C., on brief; Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., of counsel, for appellant.

Max Shelton, Memphis, Tenn., Chandler, Manire, Johnson & Harris, Memphis, Tenn., on brief, for appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

The taxpayer corporation borrowed money from an insurance company for the purchase of "key man" life insurance on the lives of two of its officers. This case involves the question of whether interest paid on the loans was deductible as interest under 26 U.S.C. § 163(a).[1] The District Court answered this question in the affirmative and entered judgment in favor of the taxpayers in the sum of $14,446.11. The United States appeals. We affirm.

1. "(a) General rule.—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness."

The two policies in the present case were purchased in 1959 and 1960.[2] The case involved the taxable years ending June 30, 1961, through June 30, 1965. During these years the taxpayer corporation owned two "key man" life insurance policies issued by Franklin Life Company insuring lives of its president and vice president. These were whole life policies issued on the "increasing benefit whole life plan." Pertinent parts of the stipulation of facts filed in the District Court are attached as an appendix to this opinion. Reference is made to the appendix for a more complete recitation of the facts.

The District Court granted summary judgment in favor of the taxpayer, holding that there was no sufficient factual differences in this case to distinguish it from Campbell v. Cen-Tex, Inc., 377 F.2d 688 (5th Cir. 1967) and Priester Mach. and Hertz Equipment Rental Corp. v. United States, 296 F.Supp. 604 (W.D. Tenn.1969).[3]

In affirming the decision of the District Court, this court adopts the rationale of the Fifth Circuit in Campbell v. Cen-Tex, Inc., supra, 377 F.2d 688, and of Chief District Judge Bailey Brown in Priester and Hertz, supra, 296 F.Supp. 605. We conclude that Knetsch v. United States, 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128, is not controlling for the reasons stated in those opinions.

We agree with the District Court that the purchase of key man insurance by the taxpayer corporation upon the lives of its two principal officers was for a legitimate business purpose. It is undisputed that it was necessary for the taxpayer to make regular and substantial loans from banks in order to finance its business operations. It could not obtain four per cent loans but could borrow from the insurance company at that interest rate against the cash value of the policies.

The United States relies upon Goldman v. United States, 403 F.2d 776 (10th Cir. 1968), aff'g, 273 F.Supp. 137 (W.D. Okla., 1967). In Priester and Hertz, supra, the court distinguished Goldman from Cen-Tex in the following language:

"[In Goldman] the District Court, without citing authorities, simply found and concluded that these loans were not 'bona fide' and that the payments 'were not, in economic substance, payment for use of borrowed money * * *.' On appeal, the Court of Appeals, in affirming, distinguished Cen-Tex on the ground that, from the record and the findings of the District Court, it did not appear that there was any business purpose either in the acquisition of the policies or in the payment of the premiums by the use of loans from the insurance company. Thus the opinion of the Court of Appeals is based on different facts from those presented in Cen-Tex and here." 296 F.Supp. at 609.

On the other hand, in Jack E. Golsen, 54 T.C. 742, 756, the Tax Court held that there is a conflict between Goldman and Cen-Tex. The Tax Court expressed the view that the position of the Government is correct, but pointed out that in any event it was bound by Goldman, since Golsen also arose in the Tenth Circuit. The Court of Appeals for the Tenth Circuit affirmed the Tax Court in Golsen. Golsen v. Commissioner of Internal Rev-

---

2. Had the insurance policies been purchased after August 6, 1963, it is clear that the interest payments would not have been deductible, under the express terms of the Revenue Act of 1964, § 215, Pub. L. No. 88–272, 78 Stat. 19, 55, enacted Feb. 26, 1964, now codified at 26 U.S.C. § 264(a) (3).

3. The Government did not appeal Priester and Hertz, which like the present case were decided by the United States District Court for the Western District of Tennessee. In those cases loans were negotiated to pay premiums on policies issued by the same insurance company as in the present case. The policies were substantially identical to the policies here involved, and the procedure for financing the premiums by borrowing from the insurance company and claiming deductions for interest was the same as in the present case.

enue, 10 Cir., 445 F.2d 985 (1971), cert. denied 404 U.S. 940, 92 S.Ct. 284, 30 L. Ed.2d 254.

Assuming, but not deciding, that *Goldman* and *Cen-Tex* are not distinguishable and that they create a conflict between the Fifth and Tenth Circuits, this court chooses to follow *Cen-Tex*.

Affirmed.

## APPENDIX

1. Woodson-Tenent Laboratories, Inc. is a corporation organized and existing under the laws of Tennessee and was incorporated on June 15, 1960. From 1952 to June 15, 1960 the business of Woodson-Tenent Laboratories, Inc. was operated as a partnership with the partners being Edgar H. Tenent, Sr. and Edgar H. Tenant, Jr. The principal office of Woodson-Tenent Laboratories, Inc. is at 225 South Front Street, Memphis, Tennessee. The general nature of the business is the operation of analytical laboratories.

2. Woodson-Tenent Laboratories, Inc. filed its federal income returns (Forms 1120) for its fiscal year ended June 30, 1961, June 30, 1962, June 30, 1963, June 30, 1964, and June 30, 1965 in the U. S. Treasury Department's Collection District at Nashville, Tennessee, and paid to said office the corporate taxes computed to be due thereon.

3. The plaintiff, Woodson-Tenent Laboratories, Inc. brings this suit under the provisions of Title 28 U.S.C. 1346(a) for the recovery of Internal Revenue taxes and interest assessed and collected plus interest thereon as provided by law.

4. The plaintiff's claim for refund of taxes and interest assessed and collected by the Defendant's agents were timely filed and the plaintiff's suit for the recovery thereof, of which this Court has jurisdiction, was timely brought.

5. The common stock of the plaintiff corporation during the fiscal years involved was owned and held as follows:

| Fiscal Year | Name of Stockholder | No. of Shares |
|---|---|---|
| 6/30/61 | Edgar H. Tenent, Sr. | 14,500 |
|  | Edgar H. Tenent, Jr. | 5,000 |
|  | All other stockholders | 2,870 |
| 6/30/62 | Edgar H. Tenent, Sr. | 14,500 |
|  | Edgar H. Tenent, Jr. | 5,000 |
|  | All other stockholders | 3,220 |
| 6/30/63 | Edgar H. Tenent, Sr. | 14,200 |
|  | Edgar H. Tenent, Jr. | 5,000 |
|  | All other stockholders | 3,595 |
| 6/30/64 * | Edgar H. Tenent, Sr. | 26,000 |
|  | Edgar H. Tenent, Jr. | 10,000 |
|  | All other stockholders | 9,590 |
| 6/30/65 | Edgar H. Tenent, Sr. | 23,400 |
|  | Edgar H. Tenent, Jr. | 10,000 |
|  | All other stockholders | 12,190 |

\* Two for one stock split.

6. On November 10, 1959 the Franklin Life Insurance Company issued Policy No. 1886371 on the life of Edgar H. Tenent, Sr. and the beneficiary was the insured's executors, administrators of (sic) assigns. At that time the business of Woodson-Tenent Laboratories was conducted as a partnership with the partners being Edgar H. Tenent, Sr. and Edgar H. Tenent, Jr. In August, 1960 which was after the business of Woodson-Tenent Laboratories, Inc., became incorporated, the policy was transferred to Woodson-Tenent Laboratories, Inc., as the owner and beneficiary.

On December 6, 1960 the Franklin Life Insurance Company issued Policy No. 2004823 on the life of Edgar H. Tenent, Jr. with the Woodson-Tenent Laboratories, Inc., as the owner and beneficiary.

7. Under the terms of Policy No. 1886371 on the life of Edgar H. Tenent, Sr. the death benefits, as stated in the policy, increase annually during the first twenty years from $107,000 in the first policy year to $240,000 in the 20th policy year, and after the 20th policy year the death benefits remain at $240,000. Policy No. 1886371 provides for annual premiums of $13,886.00 for the first 20 years and annual premiums of $5,405.00 after 20 years. By endorsement dated September 25, 1964, the premiums were reduced to $12,215.00 effective with the premium due August 2, 1964.

Under the terms of Policy No. 2004823 on the life of Edgar H. Tenent, Jr., the

death benefits, as stated in the policy, increase annually during the first twenty years from $110,800.00 in the first policy year to $316,000.00 in the 20th policy year and after the 20th policy year the death benefits remain at $316,000.00. Policy No. 2004823 provides for annual premiums of $6,818.00 for the first 20 years and annual premiums of $1,818.00 after 20 years.

8. In regard to Policy No. 1886371 the Franklin Life Insurance Company in November, 1959 was paid the first annual premiums of $13,886.00, based upon an insurance age of 58; and also on that date the next four annual premiums were prepaid discounted at the rate of 3% in the total amount of $51,615.65.

In November, 1959 the sum of $58,164.12 was borrowed from the Franklin Life Insurance Company with respect to this policy, which was the amount of loan available under the policy and the loan agreement and assignment of policy in effect for the prepayment of premium at the time of the loan.

The difference between the amount of available premium loan and the amount of the annual premiums in the amount of $7,337.53 plus the interest payable in advance upon the premium loan in the amount of $2,326.56 was paid to the Franklin Life Insurance Company by check in November, 1959. The interest which was paid in advance was at the rate of 4% per annum.

No liability in excess of the policy benefits was incurred.

On June 15, 1960 the business of Woodson-Tenent Laboratories, which had been operated at a partnership, was incorporated and Policy No. 1886371 was acquired by Woodson-Tenent Laboratories, Inc. which then became the owner and beneficiary of the policy subject to the loan on the policy owed to the Franklin Life Insurance Company.

9. Woodson-Tenent Laboratories, Inc. thereafter in accordance with its Policy No. 1886371, the automatic premium loan provision, and the loan agreement and

assignment of policy made loans each year to the extent of the unborrowed loan value available to it and prepaid premiums at a discount of three percent (3%) and four (4) years in advance and paid interest on said policy loans each year in advance at the rate of four percent (4%) per annum.

The premiums and interest paid and the loans made by Woodson-Tenent Laboratories, Inc. during the fiscal years in controversy were as follows:

| Fiscal Year | Amount of Premium | Amount of Loan | Amount of Interest |
|---|---|---|---|
| 6/30/61 | 12,337.71 | 8,395.00 | 2,662.36 |
| 6/30/62 | 12,337.71 | 8,483.00 | 3,001.68 |
| 6/30/63 | 12,337.71 | 8,566.00 | 3,344.32 |
| 6/30/64 | 12,337.71 | 8,639.00 | 3,689.88 |
| 6/30/65 | 4,455.44 | 2,311.23 | 4,038.24 |

On September 25, 1964 an indorsement reduced the annual premium from $13,886.00 to $12,215.00 and the adjustment for this was made in the amount of premium for the fiscal year ended 6/30/65.

The death benefits provided at page 7 of the policy were substantially in excess of the maximum indebtedness incurred to pay policy premiums.

By the end of the fourth policy year eight annual premiums had allegedly been paid on the policy.

10. In regard to Policy No. 2004823 the Franklin Life Insurance Company in December 1960 was paid the first annual premium of $6,818.00 by Woodson-Tenent Laboratories, Inc., based upon an insurance age of 33; and also on that date the next four annual premiums were prepaid discounted at the rate of 3% in the total amount of $25,343.19.

In December, 1960 the sum of $31,103.39 was borrowed from the Franklin Life Insurance Company with respect to this policy, which was the amount of the loan available under the policy and the loan agreement and assignment of policy in effect for the prepayment of premium at the time of the loan.

The difference between the amount of available premium loan and the amount

of the annual premiums in the amount of $1,057.80 plus the interest payable in advance upon the premium loan in the amount of $1,244.14 was paid by Woodson-Tenent Laboratories, Inc. to the Franklin Life Insurance Company by check in December, 1960. The interest which was paid in advance was at the rate of 4% per annum.

No liability in excess of the policy benefits was incurred by Woodson-Tenent Laboratories, Inc.

11. Woodson-Tenent Laboratories, Inc., thereafter in accordance with its Policy No. 2004823, the automatic premium loan provision, and the loan agreement and assignment of policy made loans each year to the extent of the unborrowed loan value available to it and prepaid premiums at a discount of three percent (3%) four (4) years in advance and paid interest on said policy loans each year in advance at the rate of four percent (4%) per annum.

The premiums and interest paid and the loans made by Woodson-Tenent during the fiscal years in controversy were as follows:

| Fiscal Year | Amount of Premium | Amount of Loan | Amount of Interest |
|---|---|---|---|
| 6/30/61 | 32,161.19 | 31,103.39 | 1,244.14 |
| 6/30/62 | 6,057.79 | 6,057.79 | 1,486.45 |
| 6/30/63 | 6,057.79 | 6,057.79 | 1,728.76 |
| 6/30/64 | 6,057.79 | 6,057.79 | 1,971.07 |
| 6/30/65 | 6,057.79 | 6,057.79 | 2,213.38 |

The death benefits provided at page 7 of the policy were substantially in excess of the maximum indebtedness incurred to pay policy premiums. Said policy is attached as an exhibit to the Answers to Interrogatories filed herein.

By the end of the fourth policy year eight annual premiums had been paid on the policy.

12. The Franklin Life Insurance Company each year reflected on its books as earned premium under each of the policies the amount of the premium for such year as stated in the policies.

13. The Franklin Life Insurance Company reported to the proper authorities each year the amount of premiums stated in each of the above policies and paid all taxes due thereon including the premium tax to the proper authorities on such amount where required by law.

14. The Franklin Life Insurance Company reported all interest upon its policy loans against the above policies as interest income and paid all taxes due thereon to the proper authorities.

15. The discount on the annual premiums paid in advance by the plaintiff to the Franklin Life Insurance Company was computed on the basis of a 3% present value table.

16. The plaintiff corporation was at all times during the fiscal years ended June 30, 1961 through June 30, 1965 the policy holders, owners and beneficiaries of Policy No. 1886371 and Policy No. 2004823 issued by The Franklin Life Insurance Company, Springfield, Illinois.

17. Edgar H. Tenent, Sr., whose life was insured by Policy No. 1886371 was the president of the plaintiff corporation during the fiscal years involved and Edgar H. Tenent, Jr., whose life was insured by Policy No. 2004823 was the vice-president of the plaintiff corporation during the fiscal years involved. Edgar H. Tenent, Sr. and Edgar H. Tenent, Jr. were both directors, the principal stockholders and the key employees of the plaintiff corporation during the fiscal years involved.