GORDON R. LANG AND ANGELIKA LANG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lang v. Commissioner
Docket No. 18735-91
United States Tax Court
T.C. Memo 1993-474; 1993 Tax Ct. Memo LEXIS 482; 66 T.C.M. (CCH) 1027; October 13, 1993, Filed *482 Decision will be entered under Rule 155. For petitioners: J. Gordon Hansen.
For respondent: Richard W. Kennedy. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined deficiencies and additions to petitioners' joint Federal income taxes as follows: Additions to Tax Sec.
Sec. Sec. Sec.
Sec. Year
Defic 6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(2)
6661 iency 1983
$ 62,803
$ 3,140
$ --
-- *
$ 15,701
1984
66,463
3,323
--
-- *
16,405
1985
31,933
1,597
--
-- *
7,983
1987
1,867
--
93 *
--
--
* 50 percent of the interest due on the portion of the underpayment attributable to negligence. After settlement, the sole issue for decision is whether the sale of a condominium in Utah occurred on June 13, 1983, or on December 30, 1983. If the sale occurred on June 13, 1983, the taxpayer will be entitled to an accrued deduction for unstated interest under section 483. [1]
*483 All section references are to the Internal Revenue Code in effect for the year at issue. This case was submitted fully stipulated. At the time their petition was filed, petitioners resided in Chicago, Illinois. On June 13, 1983, petitioners signed a contract to purchase a luxury ski condominium from RDG Associates (RDG). The condominium was located in Park City, Utah. The purchase price specified in the contract was $ 1,515,000, of which $ 10,000 was to be paid immediately as a deposit, and the balance was to be paid in two installments. The first installment, in the amount of $ 478,000, was due on December 30, 1983. The second installment, in the amount of $ 1,027,000, was due on July 14, 2013. Under the contract, on June 13, 1983, RDG was required to place in escrow a warranty deed with respect to the condominium. The warranty deed was to be delivered to petitioners on December 30, 1983, the scheduled settlement date. Also on June 13, 1983, petitioners were required to execute and to place in escrow a quitclaim deed and a judgment note for $ 50,000 which was to be returned to petitioners on the settlement date if petitioners made the first installment payment that was *484 due on December 30, 1983. Under the contract, if petitioners defaulted on their obligation to purchase the condominium before the settlement date, RDG's "sole remedy" was to keep the $ 10,000 deposit and to enforce against petitioners the $ 50,000 judgment note. If RDG defaulted on its obligation to sell the condominium before the settlement date, petitioners' "sole and exclusive remedy" was to rescind the contract and to recover their $ 10,000 deposit and the $ 50,000 judgment note. No default occurred, and on December 30, 1983, petitioners made the first installment payment of $ 478,000. The facts in this case are identical in all relevant respects to the facts in Williams v. Commissioner, T.C. Memo. 1992-269, affd. 1 F.3d 502 (7th Cir. 1993). That case involved another investor who purchased a similar condominium in the same condominium complex in Park City, Utah, from the same seller (RDG), under a contract with virtually identical terms. The issue and tax adjustment in dispute in Williams v. Commissioner, supra, are identical to the issue and the tax adjustment herein (namely, whether the sale of the condominium *485 occurred on June 13, 1983, or on December 30, 1983, for purposes of determining the availability of an accrued deduction for unstated interest under section 483). Venue for appeal of this case would lie to the United States Court of Appeals for the Seventh Circuit, the same circuit that affirmed our opinion in Williams v. Commissioner. In Williams v. Commissioner, supra, the Tax Court concluded that the condominium was sold not on the June 22, 1983, contract date, but rather that the sale occurred on the December 30, 1983, settlement date and, therefore, that no accrued deduction for unstated interest was allowable under section 483. [2]
*486 The Seventh Circuit affirmed the Tax Court, and concluded that on the June 22, 1983, contract date, the buyers did not acquire ownership of the condominium but only an option to purchase the condominium. The Seventh Circuit stated -- The buyers acquired not a legal right but merely an opportunity to buy the condominium on the settlement date. The seller acquired not a buyer but the right to be paid $ 60,000 [consisting of the $ 10,000 deposit and the $ 50,000 judgment note] if the buyers decided not to buy. * * * [Williams v. Commissioner, 1 F.3d at 506.]
The Seventh Circuit then held that the condominium itself was not sold until the buyer made the first installment payment on the December 30, 1983, settlement date. Williams v. Commissioner, supra at 506-507.
We agree with petitioners' assertion that we are not generally bound by factual conclusions of another court in another case involving different parties. See Quon v. Niagara, Fire Ins. Co., 190 F.2d 257, 260 (9th Cir. 1951) ("the judgment of fact of one court on a particular record cannot bind another court, or even the same court, to make a similar finding on a different *487 record."). As we held, however, in Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we must follow a Court of Appeals decision which is "squarely in point" where an appeal lies to that Court of Appeals. The Golsen doctrine applies to factual conclusions as well as to legal conclusions. [3] Only significant distinctions between the facts of this case and the facts of Williams v. Commissioner, supra, would allow us to deviate from the Seventh Circuit's opinion. See David Metzger Trust v. Commissioner, 76 T.C. 42, 74-75 (1981), affd. 693 F.2d 459 (5th Cir. 1982). *488 Williams v. Commissioner, supra, involved the same issue, the same seller, the same condominium complex, and the same condominium purchase contract as does this case. Given that the relevant facts and issue of this case are identical to the relevant facts and issue in Williams, the Seventh Circuit's opinion in Williams is controlling. We hold that the condominium was sold to petitioners by RDG on December 30, 1983, the settlement date of the contract. Section 483, therefore, is not applicable to the sale of the condominium, and respondent's disallowance of the claimed accrued interest deduction is sustained. Decision will be entered under Rule 155. Footnotes
1. Generally, under section 483, if some or all of the payments due on the purchase of qualified real property are due more than one year after the sale, an accrued deduction will be allowed for unstated interest with respect to payments due more than 6 months after the date of the purchase of the property.↩
2. For the year in dispute, sec. 483 provided: (a) Amount Constituting Interest. -- For purposes of this title, in the case of any contract for the sale or exchange of property there shall be treated as interest that part of a payment to which this section applies which bears the same ratio to the amount of such payment as the total unstated interest under such contract bears to the total of the payments to which this section applies which are due under such contract. * * * (c) Payments To Which Section Applies. -- (1) In General. -- Except as provided in subsection (f), this section shall apply to any payment on account of the sale or exchange of property which constitutes part or all of the sales price and which is due more than 6 months after the date of such sale or exchange under a contract -- (A) under which some or all of the payments are due more than one year after the date of such sale or exchange, and (B) under which, using a rate provided by regulations prescribed by the Secretary for purposes of this subparagraph, there is total unstated interest. * * *↩
3. In Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we found that Goldman v. United States, 403 F.2d 776 (10th Cir. 1968), involved the same insurance company, the same type of policies, and the same financial arrangement. We concluded that, because an appeal in that case would lie to the Court of Appeals for the Tenth Circuit, we had to follow the decision of the Court of Appeals for the Tenth Circuit that was directly on point. Golsen v. Commissioner, supra↩ at 756-757.